UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX GOUVEIA,<br><br>           Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>           Defendant. | Case No. 2:23-cv-01442-JDP (SS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 7 & 12 |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 10 & 11. For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's, and remands for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a

1 preponderance; it is such relevant evidence as a reasonable person might accept as adequate to
2 support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

3       "The ALJ is responsible for determining credibility, resolving conflicts in medical
4 testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001)
5 (citations omitted). "Where the evidence is susceptible to more than one rational interpretation,
6 one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v.*
7 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon
8 which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are
9 constrained to review the reasons the ALJ asserts.").

10       A five-step sequential evaluation process is used in assessing eligibility for Social Security
11 disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant
12 is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or
13 combination of impairments) that qualifies as severe; (3) whether any of the claimant's
14 impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404,
15 Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the
16 claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704
17 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry,
18 while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d
19 949, 953-54 (9th Cir. 2001).

20                        **Background**

21       On April 29, 2021, plaintiff filed an application for a period of disability and DIB, alleging
22 disability beginning August 1, 2019. Administrative Record ("AR") 208-18. After his application
23 was denied both initially and upon reconsideration, plaintiff testified at a telephonic hearing before
24 an Administrative Law Judge ("ALJ"). AR 40-43. On July 7, 2022, the ALJ issued a decision
25 finding that plaintiff was not disabled. AR 13-33. Specifically, the ALJ found:

26
27       1. The claimant meets the insured status requirements of the Social
         Security Act through December 31, 2025.
28

2. The claimant has not engaged in substantial gainful activity since August 1, 2019, the alleged onset date.

\* \* \*

3. The claimant has the following severe impairments: lumbar degenerative disc disease[;] depression; and obesity.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except is right hand dominant and eroded as follows: cannot walk on uneven terrain; climbing ramps, stairs, balancing, stooping, kneeling, crouching, and crawling are occasional; no climbing ladders, ropes or scaffolds; no work around unprotected heights and avoid concentrated exposure to moving mechanical parts; is limited to understanding, remembering, and carrying out simple routine and repetitive tasks using judgment limited to simple work related decisions; and is capable of interacting with coworkers and the public occasionally.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1973 and was 46 years old, which is defined as a younger individual age 45-49 [sic], on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant

3

>numbers in the national economy that the claimant can perform.
>
>* * *
>
>11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2019, through the date of this decision.

AR 16-33 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff raises three arguments. First, he argues that the ALJ, in assessing plaintiff's residual functional capacity ("RFC"), improperly rejected his testimony and mischaracterized the record. Second, he contends that the ALJ erred in finding that plaintiff's bipolar disorder was non-severe. Lastly, he argues that the ALJ failed to properly evaluate his treating physician's opinion. The court agrees that the ALJ erred in assessing plaintiff's testimony and remands on that basis. Accordingly, I do not reach plaintiff's remaining argument.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.* "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id.* The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At the hearing, plaintiff testified that he experiences daily back and neck pain. AR 46-48. He underwent a lumbar laminectory and fusion surgery in 2020, but he continues to have constant

4

1  pain radiating from his back down his legs.  AR 47.  Plaintiff reported that he uses a walker, cane,
2  and scooter to help with mobility; he is able to walk for about twenty minutes with his walker
3  before needing to rest; and he drives about seventy miles in an average week.  AR 45, 52, 55.  He
4  stated that can sit for thirty to forty-five minutes at one time and is able to lift about twenty
5  pounds.  AR 55-56.  He also testified that he is able care for his personal hygiene but must rely on
6  friends to clean his house and do his laundry.  AR 56-57.

7  In discounting the plaintiff's testimony, the ALJ concluded that plaintiff's allegations were
8  inconsistent with his ability to engage "in a somewhat normal level of daily activity and
9  interaction."  AR 23.  In reaching that conclusion, the ALJ observed that:

> The claimant admitted activities of daily living including living independently with two dogs.  The claimant drives about seventy miles or four days a week.  He attends recovery meetings and church.  He manages his appointments and finances.  He is able to lift a twenty pound scooter.  He regularly spends time painting and beading.  He is able to get outside and regularly spend time with friends.  While the claimant alleges limitations in activities, he has been able to seek out and obtain assistance for these activities.

*Id.*

16  As an initial matter, the ALJ's summary of plaintiff's activities reflects that plaintiff is
17 quite limited; it does not demonstrate that he engages in a normal level of daily activities or, more
18 importantly, that he has the ability to maintain full-time employment.  As one court has observed:

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer.

*Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); *cf. Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a

1    workplace environment will often be consistent with doing more than merely resting in bed all
2    day."). The limited activities discussed by the ALJ do not undermine plaintiff's allegations that
3    his back pian is debilitating. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("This court has
4    repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does
5    not in any way detract from her credibility as to her overall disability.") (quoting *Vertigan v.*
6    *Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.
7    1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not
8    credible and what evidence undermines the claimant's complaints.").

9           But more problematic is the decision's failure to accurately summarize the evidence related
10   to plaintiff's activities. For instance, while plaintiff did testify that he lived alone with two dogs,
11   AR 44-45, the record does not support the ALJ's conclusion that plaintiff was "living
12   independently," *see* AR 23. Plaintiff stated that he is able to use the microwave to make simple
13   meals, but that his back pain prevents him from cooking regular meals. AR 56. He also testified
14   that he relies on friends to do his laundry and clean his home. AR 57. And while he did state that
15   he is able to pick up his dogs' toys, AR 57, the record indicates that he had to pay someone to
16   clean up the dogs' droppings, wash their food bowls, and bathe them.[1]  AR 280.

17          The ALJ also misstated the extent to which plaintiff engaged in recreational activities. In
18   his decision, the ALJ stated that plaintiff "beads about three hours a week and paints sitting down
19   up to nine hours a week, three hours each session with a break every half hour." AR 22. Plaintiff
20   testified that he beads about three times a week, AR 60, but the ALJ never inquired how long he
21   spent performing this activity on each occasion or throughout the week. As for painting, plaintiff
22   testified that he attended a three-hour class once a week. AR 61. He also stated that it usually
23   takes him up to nine hours to finish a painting, not that he would spend nine hours each week
24   attending classes. *Id.* The ALJ also found that "plaintiff sometimes goes to restaurants and the

---

[1] The ALJ also appears to conclude that plaintiff's alleged limitations do not establish disability because "plaintiff has been able to seek out and obtain assistance for these activities throughout this time." AR 23. However, plaintiff's ability to secure assistance to complete basic life activities does not show an ability to work. At most, it shows that plaintiff's friends, rather than plaintiff, are able to perform work-related tasks.

flea market," while the record reflects that plaintiff only went to drive-thru restaurants and "went to the flea market once."[2]   AR 59.

The ALJ also found that plaintiff's alleged need to use a cane or other assistive devise was not credible because "there is no medical recommendation for such a device and no note during the relevant period of disability from any treating or examining source indicating any such use." This finding is contrary to the record; numerous medical records reflect that plaintiff's gait was antalgic or compensated, he walked with a limp, compensated, and that he ambulated with the use of a walker.  *See, e.g.*, AR 1304, 1309, 1314, 1322.

Lastly, the ALJ found that plaintiff's alleged limitations were not fully supported by the medical record.  Even assuming plaintiff's subjective statements were not fully supported by objective medical evidence, this alone does not support an adverse credibility finding.  *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (The ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.").

Based on the foregoing, the court finds that the ALJ erred by rejecting plaintiff's testimony absent clear and convincing reasons.  Accordingly, the matter must be remanded for further proceedings.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r of Social Sec.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal

---

[2] The ALJ also noted that plaintiff tried a Zumba class and was working on his house and garage.  AR 24.  The mental health treatment records that reference these activities simply note that plaintiff "tried an online Zumba class," AR 1523, and was working "on his house and garage to prepare for his new roommate," AR 1658.  The records do not, however, indicate whether plaintiff had the ability to complete the online exercise class or the type of work he performed at his house and garage or whether he had assistance.

7

error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Plaintiff asks that the court order that on remand the Commissioner assign the case to a different ALJ for all further administrative proceedings. ECF No. 7 at 24. He argues that the record indicates that the ALJ was hostile and biased towards him. *Id.* Administrative law judges "are presumed to be unbiased." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir.1999) (citing *Schwiker v. McClure*, 456 U.S. 188, 195 (1982)). "This presumption can be rebutted only by a showing of conflict of interest or some other specific reason for disqualification." *Id.* Judicial remarks may support a finding of bias "if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The relevant inquiry is whether, in the context of the whole case, the ALJ's behavior was "so extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir.2001). Here, the court does not find this standard met. Accordingly, the court declines to require that the case be reassigned to a different ALJ on remand.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 7, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 12, is denied.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this matter.

IT IS SO ORDERED.

Dated:    September 26, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8