Jared Walker (SB#269029)
P.O. Box 1777
Orangevale, CA 95662
T: (916) 476-5044
F: (916) 476-5064
jared@jwalker.law

Attorney for Plaintiff,
MAX GOUVEIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX GOUVEIA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY,<br>Commissioner of the Social Security Administration,<br><br>    Defendant. | Case No.: 2:23-cv-1442-JDP<br><br>STIPULATION AND ~~PROPOSED~~ ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorneys' fees in the above-entitled action in the amount of $10,181.23 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and $402.00 in costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services and expenses incurred on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

Upon the Court's issuance of an order granting EAJA fees to Plaintiff, the government will determine the issue of Plaintiff's assignment of EAJA fees to Plaintiff's attorney.  Pursuant to <u>Astrue v. Ratliff</u>, 560 U.S. 586, 597-598 (2010), the ability to honor the assignment will depend on if the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will promptly determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines

that Plaintiff does not owe a federal debt, then the government will cause the payment of fees to be made directly to Plaintiff's attorney, LAW OFFICE OF JARED T. WALKER, P.C., pursuant to the assignment executed by Plaintiff.  Any payments made to Plaintiff will be delivered to JARED T. WALKER.

This stipulation constitutes a settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of defendant under the EAJA or otherwise. Payment of the agreed amount will constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's attorney, including LAW OFFICE OF JARED T. WALKER, P.C., may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated: November 19, 2024              Respectfully submitted,

/s/ *Jared Walker*
JARED WALKER,
Attorney for Plaintiff

SO STIPULATED:

PHILLIP A. TALBERT
United States Attorney


By:   /s/ *Julie A.K. Cummings*
JULIE A.K. CUMMINGS
(*authorized by e-mail on 11/19/2024*)
Special Assistant United States Attorney

Attorneys for Defendant

**ORDER**

Based upon the parties' Stipulation for Award of Attorney Fees pursuant to the Equal Access to Justice Act (EAJA),

IT IS ORDERED that Plaintiff is awarded $10,181.23 in fees under 28 U.S.C. § 2412(d), and costs in the amount of $402.00 under 28 U.S.C. § 1920, subject to and in accordance with the terms of the parties' foregoing Stipulation. Plaintiff's motion for attorney fees, ECF No. 18, is denied as unnecessary in light of the parties' stipulation.

IT IS SO ORDERED.

Dated:   November 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE